SILVER *vs.* CUMMINGS, HATHAWAY & JOHNSON.

Contracts for *teachers' wages,* made by the *trustees of a school district,* are obligatory upon their *successors* in office.

DEMURRER to declaration. The declaration states that the defendants were *trustees of school district number one,* in the town of Oswegatchie, in the county of St. Lawrence, at the *commencement of the suit,* viz. in August, 1829; that on the first Monday of December, 1822, W. Hubbell, C. D. Raymond and J. Shead, were trustees of the said district, and so continued until the 5th May, 1823, when J. Shead, H. Lum and A. Hemmenway were elected, and became trustees of the district, and continued such until the 2d May, 1825; that on the first Monday of December, 1822, at, &c. in consideration that the plaintiff, at the special instance and request of Hubbell,

NEW-YORK,
May, 1831.

Silver
v.
Cummings.

*Raymond* and *Shead*, as trustees of the district, *would serve the trustees as a school master* in the said district, they (*Hubbell, Raymond* and *Shead*) undertook and then and there promised the plaintiff to pay him the sum of $33 per month, for each and every month *that he should continue* to labor a school master as aforesaid. It is then averred that on the first Monday of December, 1822, the plaintiff commenced to serve and labor in the capacity of school master in the district, and so continued, with the approbation of the trustees, *Hubbell Raymond* and *Shead*, during the time they continued in office, viz. until the 5th May, 1823; and also continued to teach as such school master during the term while *Shead, Lum* and *Hemmenway* were trustees, viz. until the 12th November, 1824, with their approbation of the agreement made in December, 1822, and without any new or different agreement as to wages; and that they promised to pay him for his services according to the agreement of December, 1822. The breach assigned is, that *Hubbell, Raymond* and *Shead*, during the time they were trustees, and that *Shead, Lum* and *Hemmenway*, during the time that they were trustees, did not pay; and then it is averred that no part of the said wages has as yet been paid by the said trustees, or by their *successors in office*. By means whereof the defendants in this suit became liable to pay, and being so liable, on the 20th July, 1829, promised the plaintiff to pay him the said sum of $33 per month during the time he served as school master as aforesaid, to wit, from the first Monday of December, 1822, until the 12th November, 1824, and common conclusion. The defendants demurred.

*J. Fine*, for plaintiff.

*Perkins & Doty*, for defendants.

*By the Court*, SAVAGE, Ch. J. The main question presented for consideration is, whether the defendants are liable for the contracts of their predecessors in office, made within the scope of their official authority.

By the decisions of this court and the court for the correction of errors, most of which are referred to in *Palmer* v. *Van-*

*denburgh*, 3 Wendell, 197, it seems to have been settled that overseers of the poor are liable personally, only when they exceed their authority; they are liable officially upon all contracts made within the scope of their authority while in office, and such contracts are obligatory upon their successors in office. This liability necessarily results from the organization of our government. Our counties and our towns are *quasi* corporations, and as such, are liable to sue and be sued by the various officers representing the various interests of these corporations. The supervisors of our towns have certain duties to perform, and so far as their duties are concerned, they have a corporate capacity; so of the overseers of the poor, and for similar reasons the same powers must attach to other town officers, who are clothed by law with authority to make contracts for the town. By our common school system we have a number of smaller corporations within each town. Each school district has, when organized, a separate qualified corporate existence. The trustees have power to make certain contracts; and in respect to their liability upon their own contracts, and those of their predecessors, I am unable to draw any distinction between them and overseers of the poor. In Massachusetts, school districts are considered *qua* corporations, with limited powers, co-extensive with the duties imposed upon them by statute or usage. 11 Mass. R. 198.

In the case of *Randall* v. *Hubbard*, 1 Cowen, 262, n., a doubt was expressed, whether trustees of a school district could bind their successors. The question was not necessarily before the court; it arose upon a contract to build a *school house*, and from the phraseology of the statute, there may be a doubt on that point, without denying the power to bind successors by a contract for *teachers' wages*. The 26th section of the act of 1819, p. 202, 3, makes it the duty of the trustees, where a meeting shall have voted a tax for that purpose, and the same shall be collected and received by them, to purchase a site for a school house, and to build or purchase one, and keep it in repair and furnish it. Thus far it would seem the duty of the trustees not to incur responsibilities beyond the means in their possession, and therefore, if they do not incur a debt, they may be responsible *personally*, and not their successors; but it is

NEW-YORK, their further duty to employ teachers, and to pay them out of
May, 1831.    monies which are subsequently to come into their hands from
⎯⎯⎯    the commissioners, or from the persons who have become lia-
Silver    ble for instruction ; and the means are pointed out, by which
v.    the trustees can indemnify themselves.   If, therefore, the trus-
Cummings.
tees who made the contract go out of office before the contract
is enforced, they ought not to be *personally* liable, for two rea-
sons : 1. Because they have done no more than their duty ;
they as agents made such a contract as they were authorized
to make, and therfore bound their principals ; and 2. Be-
cause they have no means of reimbursement, if compelled to
pay the money.    But the trustees in office ought to be liable :
1. Because they represent the same principals who made the
contract by their former agents ; and 2. Because they have the
means of indemnity in their own hands ; they are authorized
to retain such money out of the money which shall come into
their hands.   2 R. S. 476, § 108.   The revised statutes were
not in force when this suit was commenced, but they will apply
as to the subsequent proceedings in the cause.   I am therefore
of opinion that the plaintiff is entitled to recover.

By a stipulation between the attornies, it is agreed that the
court shall give final judgment ; as there are no questions be-
tween the parties but that of the legal liability of the defend-
ants, and whether the plaintiff is entitled to interest, and from
what time.   The defendants admit that the sum due the plain-
tiff, if any thing, was $279,30, on the 12th November, 1824.
On that day the account was liquidated, and from that day the
plaintiff is entitled to interest, which, up to the 12th May, 1831,
amounts to $127,08.   The plaintiff is therefore entitled to
judgment for $406,38.