## AVERY & LATHROP *vs.* SLACK.

*Town* and *county officers* are not liable *individually* for the costs of a judgment rendered against them in suits commenced by them, although their *individual names* appear on the record, provided it also appear *that they sued in their representative character* for the *benefit of their constituents*, and not for their own benefit.

This exemption applies as well to suits for *penalties* as other matters, where it is the *duty* of the officers to sue ; where the duty to bring the suit for penalties is not enjoined by statute, but the same is *voluntarily* commenced, *it seems* the exemption would not apply.

The remedy of the party entitled to the costs is by application to the supervisors of the county, to be levied as other contingent charges of the town or county.

COSTS in suits by town and county officers. The plaintiffs brought a suit in a justice's court against the defendant

to recover the penalty prescribed by statute, for selling spirit-
uous liquors without license.   In the suit, they described them-
selves as " Sidney Avery and Lewis Lathrop, overseers of
the poor of the town of Sherburne." In the justice's court,
they recovered judgment against the defendant, who sued
out a *certiorari*, and the Chenango common pleas *reversed*
the justice's judgment, and on error to this court, the judg-
ment of the C. P. was *affirmed.*  The defendant thereupon
perfected a judgment for costs, and sued out an execution
against the plaintiffs as *individuals.*  A motion was now
made to set aside the execution.

*S. Stevens,* for the motion.

*J. Edwards,* contra.

*By the Court,* COWEN, J.  The enquiry is, whether the
judgment be within the statute, 2 R. S. 389, 390, § 111, 2d
ed., forbidding executions against officers, on judgments for
costs recovered against them in suits which they have brought
in their official capacities.

The penalty in question could be sued for by the over-
seers only, 1 R. S. 680, § 19, 2d ed., and another statute is
peremptory that they shall sue for it.   Id. 638, § 72.   They
must declare as overseers of the town where the offence
was committed.  Id. 680, § 19.  This must appear as a
part of their title, for they alone are legitimate informers.
The penalty is not, as in many other cases, given to a com-
mon informer.   It strikes me, that in the very nature of
things, they must prosecute officially, and must be so taken
to have prosecuted ; and that the character in which they
sue must necessarily be shown on the record.   Then comes
the statute, 2 R. S. 389, 390, § 111, saying that when a
judgment shall be recovered against them, no execution shall
issue, except in one case : and that is, where the judgment is
for the *costs of a suit* commenced in their *individual names.*
If, in their official character, the party must collect his costs
through the supervisors of the county, id. 389, § 106, pro-
vided the case be within the sections last cited ; whereas, if

they sue in their *individual* names, they must pay, and look to the supervisors, on showing that they necessarily and in good faith brought their suit.  Id. 390, § 111.

It is strenuously insisted that the overseers, having used their baptismal names in the process and record, must therefore be treated as coming in their *individual* character, within the last mentioned section ; that to secure the protection of the statute, turning their antagonist over to the supervisors, they should have dropt their own names entirely, and come by their title of office alone ; and various parts of the statute and divers cases have been cited.  The provisions of the statute, directly or remotely bearing on the question, are contained in article 4th.  2 R. S. 387 to 390, 2d ed.  That statute was intended to remove the hardship of paying costs by officers representing the interests of counties and towns, &c. and *overseers of the poor* are, among others, expressly mentioned.  The former law threw the whole burden of the suit directly upon the nominal party, in the first instance, leaving him to obtain indemnity from his constituents in a very uncertain and troublesome mode at best.  Although really representing the rights of their constituents, officers had not the privileges even of private trustees.  In ninety-nine instances out of a hundred, they had no real interest, and the legislature were determined that they should no longer depend in any degree on mere courtesy or popular feeling for reimbursement.  3 R. S. 757, note at bottom of page.  Accordingly, when they come on to a record representing their constituents, the collections of damages and costs are to be made directly from the latter.  It makes no difference how they are named on the record, if their true representative character appear there ; it is only when they stop with their own names, that they are liable to execution.  The opposite party has then no means of enforcing his claim through the board of supervisors.  Various cases of this kind may be supposed where a suit of that form might be brought.  One is, where a contract is made to A. and B. simply though really concerning their representative interests.  They may then sue *as A. and B.* and hold the fruits of the litigation as trus-

tees. So where money is received to their use as officers, they may perhaps like an executor, see 2 Williams' Ex. 1149, &c. sue either in their private or representative character. So where they hold property as officers, which is trespassed upon or converted, &c. But the statute has in such cases been careful to keep them as far as may be to a true description; for if they unnecessarily elect to *sue* without showing their public capacity, they lose their privilege of exemption; otherwise where they are *sued*, for then it is not their fault. It is indeed true that they cannot acquire exemption, by naming themselves officially, where the right is clearly private. In such a case, the title will be taken as a mere matter of description within the cases cited by counsel. 9 Johns. R. 334. 8 Cowen, 31. They are still private persons to all intents and purposes: as if one should sue for his own debt calling himself executor of A. That would not change the character of the claim. Yet he may so describe himself; it is mere surplusage. 2 Williams' Ex. 1150. *Hornsey v. Dimocke,* 1 Vent. 119. Comyn's Dig. pl. 2, D. 1. The distinction is fully illustrated by the case of an executor. He always sues in his own name. When he stops with that, he is said to sue in his *individual* character; when he adds *executor,* &c. he is said to sue in his *representative* character, and various cases are put in the books wherein he may do either. 2 Williams' Ex. 1149, &c. and the authorities there cited. The same form *mutatis mutandis* has long practically prevailed in suits by or against several kinds of municipal officers. The statute itself contemplates the use of the individual name, by providing, § 104, [100,] that no suit by or against, &c. shall abate, &c. by their death or removal, &c.; but the *names* of the successors may be substituted on their application, or that of the adverse party. Here a successor may be dragged in with his *own name* and be subjected to costs, and yet, it is said, because his name happens to be used, he shall, if plaintiff, be put to the peril of paying the costs out of his own pocket.

It is supposed that this is so at least in all suits by officers for penalties, as suggested by the revisers' notes to § 106, 7, 8;

3 R. S. 757, at bottom. That would be true were they voluntarily to sue for a penalty not collected by them as officers, although the enforcing of the penalty might be useful to their constituents. But surely it is not so where they are obliged to sue, and that too in their official capacity. Such a rule would contravene the express words of the statute. § 111, before cited ; and see 11 Wendell, 181 ; 14 id. 71 ; 7 id. 181 ; 3 id. 197.

It is said also that if execution may not go against these plaintiffs, there is then no remedy ; that the § 106, 2 R. S. 389, 2d ed. giving recourse for representative demands to the board of supervisors, does not extend to costs, except those arising on account of a *previous liability* of the town or other constituent body. The words of this section are, that if judgment be rendered for any debt, damages or *costs* against certain town or county officers, among whom are the overseers of the poor, *on account of the liability of such town or county,* the demand shall be laid before the board of supervisors, and collected in the manner prescribed by that and the subsequent section. The argument, if allowed, would prove too much ; it would go to all costs adjudged against the officers named, except where they are *defendants* on account of some demand *against* their constituents ; at least, every unsuccessful suit in their own favor would be comprehended, unless it could be traced to and connected with an *actual previous liability* to them. There would be no provision as to the costs of an unfounded suit prosecuted by them even in their plainest official character ; and the inference sought to be made, would therefore operate to repeal the subsequent section (111) as to judgments against them, in respect to which they would stand in most need of assistance, and whereon the statute says expressly, execution shall not issue, unless they shall have sued as private citizens. The prohibition is positive. If the statute, in taking away one remedy, has provided no other, the officers are not therefore to be subjected. In *The Superintendents of the Poor of Tompkins Co. v. Smith,* 11 Wendell, 181, on judgment as in case of nonsuit against

the plaintiffs, no one thought of denying that they were privi-
leged within the statute.

But is the statute so narrow, as is supposed, in respect to
the substituted remedy? Is not such a judgment as this a
judgment *on account of the liability* of the constituent? The
town or county is the real party, and equitably *liable* on ac-
count of all damages and costs in their causes. The officers
are but nominal parties. Suppose a judgment for costs
against James Jackson ex dem. A. B., in the old action
of ejectment; on account of whose liability is this? plainly,
A. B.'s liability for costs. *The Overseer's of the Poor of the
town of Milan* v. *The Supervisors of Dutchess*, 14 Wendell,
71, 76, is an authority for saying, what every body will
readily admit, that the statute (there cited as sections 102,
103,) should be liberally construed. The word *judgment*
in the section 106 (there 102) was held to comprehend
*an order of sessions* to pay costs. These judgments or
other awards of costs are certainly not on account of any
liability of the officers. If there be any liability in the case,
it is on account of the constituent. It is like the case of
a trustee suing for his *cestui que trust*. A claim for the costs
of such a suit may truly be said to be on account of the
liability of the latter, who may many times be proceeded
against directly like the lessor in ejectment. Therefore, I
think it will be found that the argument sought to be raised
from the want of a substituted remedy, fails, both in premises
and conclusion.

On the whole, I think the execution must be set aside, with
costs.