By the Court,

Bronson, J.
At the common law, in addition to suits by individuals and corporations, there are *137 some collective bodies, which, although not strictly corporations, have been invested by law with certain corporate powers, and may sue in respect to the matters specially committed to their charge. And, in general, all-public officers, though not expressly authorized by statute, have a capacity to sue commensurate with their public trusts and duties. (Overseers of Pittstown v. Overseers of Plattsburgh, 18 John. 407 ; Todd v. Birdsall, 1 Cowen, 260, and note, p. 261—4, where most of the cases are collected; and see Palmer v. Vandenburgh, 3 Wend. 193 ; Silver v. Cummings, 7 Wend. 181; Avery v. Slack, 19 Wend. 50.) When the suit is by a public officer, it is brought in the proper name of the individual, with the addition of his name of office. I have met with no precedent of a declaration like the one now before us, where the suit is in the name of the office, without mentioning the incumbent. It seems to be a suit by the office of supervisor, and not by the officer, and cannot, I think, be maintained.
Supervisors of towns, and several other public officers, are now expressly authorized by statute to sue. (2 R. S. 473, § 92.) And although the section which confers the power does not specify the particular manner in which the officer shall proceed, it is plain enough from what follows that the legislature intended the individual should be named. When officers are sued, the action must be <£ brought against them individually, specifying in the process, pleadings, and proceedings, their name of office.” (§ 96.) And ££ no suit commenced by or against any officers named in this article, shall be abated or discontinued by the death,” removal or resignation of such officers, or the expiration of their term of office • but the court in which the action is pending ££ shall substitute the names of the successors in such office.” (§ 100.) If the suit were brought by or against the office, instead of the officer, as is done here, there could be no occasion for a substitution ; for the office never dies, resigns or expires, nor is it ever removed. This provision makes it quite evident that the legislature supposed the individual was to be named, as well where the suit *138 was brought by, as against a public officer. And upon that supposition the statute proceeds to relieve the officer from the burden, which might otherwise come upon him, of paying the judgment,, and makes the sum recovered a charge either upon the funds in the hands of the officer, or upon the town or county, as the case may be. (§ 102—8.) When a judgment is recovered against the supervisor of a town, no execution can be awarded, unless the recovery be for the costs of a suit commenced by the officer in his individual name ; that is to say, where he sues as an individual without adding his official character. (§ 107, and Avery v. Slack, 19 Wend. 50.) When he names himself supervisor, and the action is properly brought in that character, if judgment passes against him, the execution is stayed, and the money is either to be paid out of the funds in 'his hands, (§ 105,) or to be levied by tax on the town. (§ 102, 3.) This makes a complete system, in which justice is done to the public and its servants, and to those who may have a legal controversy with public officers.
We are of opinion that the individual who holds the office, as well as the office itself, should have been named in the declaration, and that the action in its present form cannot be maintained.
Judgment for the defendant -