By the Court,
Bronson, J.
A doubt was formerly expressed whether the trustees of a school district could bind their successors by a contract for the payment of money. (Randall v. Hubbard, 1 Cowen, 262, note.) But that decision was under the school act of 1819, and it has since been decided that the trustees may bind their successors by a contract for the payment of a teacher’s wages. (Silver v. Cummings, 7 Wend. 181.) Under the present statute, if it was not so before, I think district trustees may be sued upon any contract made by their predecessors in office, which they were authorized by law to make. The trustees are a quasi corporation, and they not only may, but should be treated as such when actions are brought against them upon contracts. As to the wages of teachers, the question is already settled, and there is no difference in principle between that case and a contract for building a school house. The wages are to be paid out of the money received from the commissioners, so far as tha will go, and the residue is to be collected by tax. For building a school house, the trustees are to pay out of the funds collected and paid to them for that purpose. (1 R. S. 481, § 75, sub. 5.) Those funds are usually raised by tax, and in this case the money was undoubtedly received by the trustees who made the contract. The balance which remained in their hands when they went out of office was to be paid over to their successors. (Id. 486, § 98, 99.) There was no pretence on the trial that the defendants had not the necessary funds, in their hands to pay the balance, if any, which was due to the plaintiff.
But whether the defendants had funds or not, I think they were liable to be sued on the valid contract of their predecessors in *170 office. Provision has been made by law for suits by and against many public officers, including the trustees of school districts. (2 R. S. 473,4, § 92, 96.) When the officer is sued, the suit does not abate by his death, removal or resignation, nor by the expiration of his term of office; but the name of his successor is to be substituted. (Id. 474, § 100.) This necessarily supposes that the successor must answer upon the contract of the officer who went before him. Provision has also been made for levying the money recovered against public officers ; and as to the trustees of school districts, the judgment is to be collected in the same manner as against individuals, and the amount collected is to be allowed to the trustees in their official accounts. {Id. 476, § 108.) Under this system, the action not only may, but it must be brought against the persons who hold the office at the time the suit is commenced, although the contract was made with their predecessors. The trustees who made this contract went out of office before the time for payment arrived. They could not have been sued, and the action was well brought against their successors.
But the justice committed a fatal error in allowing the plaintiff to prove that it would have been worth more than the contract price to build the house in a workmanlike manner. The plaintiff was bound by his contract, and when evidence was given to show that he had not faithfully performed the agreement, it was no answer to prove that he had made a bad bargain. On this ground, the judgment of the justice was properly reversed by the common pleas.
Judgment affirmed.