JACKSON MONTGOMERY, as Sole Overseer of the Poor of the Town of SPENCER, on the Relation of SEYMOUR SEELEY and HORACE A. HUGG, Respondent, *v.* MARCELLUS C. ODELL, Appellant.

*The Excise Law — action for penalties, in the name of the overseer of the poor, on his refusal to prosecute — deposit by the informers, with the county treasurer, as security for the defendant's costs.*

An action prosecuted in the name of the overseer of the poor of a town, by certain informers, to recover a penalty under the Excise Law of 1857 (Chap. 628), as authorized by section 30, as amended by chapter 820 of the Laws of 1873, on the refusal of the overseer to prosecute, was entitled in the name of the overseer "on the relation of" the informers, naming them; the defendant obtained an order under sections 3271 and 3272 of the Code of Civil Procedure, upon

the theory that the action was brought by "a person expressly authorized by statute to sue," requiring the informers to give security for costs, if any, awarded against them, under this order the informers deposited $250 with the county treasurer, thereafter the complaint was dismissed at Circuit, and a judgment was entered, directing that the defendant recover of the "plaintiffs" his costs, which judgment was affirmed by the General Term, with costs.

*Held*, that the informers were not "plaintiffs" in the action;

That the judgment rendered at the Circuit against the "plaintiffs" must be considered as having been rendered against the overseer alone, and the affirmance of the General Term must be considered as operating against him only, and judgment thereon should be entered against his name only;

And that the defendant was not entitled to an order directing the county treasurer to pay to the defendant the amount of his costs out of the money deposited by the informers.

APPEAL by the defendant, Marcellus C. Odell, from an order of the Supreme Court, made at Special Term and entered in the office of the clerk of Tioga county on the 28th day of March, 1893, denying the defendant's motion for an order directing the county treasurer of Tioga county to pay to the attorney for the defendant herein, from money deposited with him, the sum of one hundred and sixty-four dollars and thirty-four cents ($164.34).

The facts and the questions presented are set forth in the following opinion rendered at Special Term, and approved by the General Term:

"PARKER, J.:

"Section 22 of the Excise Law of 1857 (Chap. 628), as amended by chapter 820 of the Laws of 1873, provides that the penalties imposed by such law shall be sued for and recovered in a civil action by and in the name of the overseer of the poor of the town in which the alleged penalty was incurred, and the recovery shall be paid to the treasurer of the county for the support of the poor of the county. In case the overseer shall, after proper application made to him, refuse to prosecute, any other person is, by section 30 of such law, as amended by the same act, allowed to prosecute therefor in the name of such overseer

"Jackson Montgomery, the overseer of the poor of the town of Spencer, having refused to prosecute for the penalty claimed in this action, Seymour Seeley and Horace A. Hugg brought this action under the above-cited statute and in the above-entitled form. At

the Circuit a judgment was entered dismissing the plaintiffs' com-
plaint and adjudging that the defendant recover of the plaintiffs the
sum of seventy dollars and eleven cents, costs and disbursements,
and that he have execution therefor. Such judgment was affirmed
by the General Term, on an appeal therefrom, and one of the ques-
tions now presented is whether the judgment entered on such affirm-
ance may provide that the respondent and defendant recover from
Seymour Seeley and Horace A. Hugg the costs on such appeal, or
whether such judgment should simply provide that he recover from
the plaintiff the costs of such appeal.

"During the pendency of such action, the defendant procured an
order of this court requiring Seymour Seeley and Horace A. Hugg
to either pay into court the sum of $250, to be applied to the pay-
ment of the costs, if any, awarded against *them,* or, at their election,
file with the clerk of Tioga county an undertaking, to be executed
to the defendant, by them and two sureties, to the effect that they
will pay upon demand to the defendant all the costs which may be
awarded to him in the action, not exceeding $250, etc. Such order
was asked for and obtained under the provisions of sections 3271
and 3272 of the Code, and upon the theory that the action was
brought by 'a person expressly authorized by statute to sue.' In
obedience to such order, Seymour Seeley and Horace A. Hugg paid
into court the sum of $250, and duly notified the defendant of such
payment, and the action proceeded with the result above stated.

"The defendant now asks for an order that there be paid to him,
from such sum of $250, the amount of the two judgments for costs
rendered in his favor.

"Seymour Seeley and Horace A. Hugg object to such payment on
two grounds: *First.* They claim that they are not the plaintiffs in
this action, and, therefore, the order should have required Mont-
gomery, and not them, to have filed the security; and, *secondly,* if
the order be deemed correct, no costs have as yet been awarded
against *them,* and, hence, no money can as yet be paid over under
such order.

"The statute under which this action is prosecuted requires it to
be done in the name of the overseer of the poor, and such require-
ment seems to fix upon that officer as the one who must act as plain-
tiff in the action. If the recovery is had, the judgment should be in

his favor, as he is responsible that the proceeds be paid over to the county treasurer, and if judgment goes in favor of the defendant, it would seem that it must be rendered against such officer, as I know no rule which requires the name of the person instigating the action to appear in any place or form upon the record.

"It is true that in this action it is stated that the overseer sues on the relation of Seymour Seeley and Horace A. Hugg, but such a statement is entirely superfluous. If such fact had not appeared, and their names had nowhere been given on the record, the right of such overseer to bring the action could not have been questioned, nor would it have been any defense to the action that they, rather than the overseer, were the persons who were really prosecuting it. (*Thayer* v. *Lewis*, 4 Den. 269 ; *Comrs., etc.*, v. *Purdy*, 36 Barb. 266.)

"Persons cannot be considered as plaintiffs whose names need not necessarily appear on the record. I conclude that the judgment rendered at the Circuit against the plaintiffs must be considered as having been rendered against the overseer alone, and not against Seeley and Hugg ; and the affirmance of that judgment, with costs, by the order of the General Term, must be considered as operating against him only, and judgment upon such order should be entered against his name alone. In short, he is to be considered as plaintiff and appellant, and no judgment whatever could be entered in this action against Seeley and Hugg. Therefore, the motion requiring the judgment entered on the order of the General Term to be corrected, must be granted. As to the motion on the part of the defendant, for an order directing his costs to be paid from the $250 deposited by Seeley and Hugg, it is based entirely upon the order requiring them to deposit such sum. It is not entirely clear that the persons who bring such an action as this, in the name of the overseer, can be required to file security for costs of the action. Section 3271 provides that the court, in its discretion, may require the *plaintiff* to file such security, where the action is brought 'by a person expressly authorized by statute to sue,' and as I have stated above, it seems to me that such persons can in no sense be considered the plaintiffs in the action.

"By the act of 1845, chapter 300, persons were allowed to sue for similar penalties under similar circumstances to these, but they were

first required to give security to the overseer for the costs of the action. That statute was repealed, and, by the statute of 1873 above cited, no security whatever seems to be required; and I do not discover any way in which the town or overseer can now compel such persons to secure them against the costs of such action.

"The decisions are somewhat confused. In *Sharpe* v. *Fancher* (29 Hun, 193) it seems to be held that, under section 3271, such persons may be required to file security for costs, although, from the opinion itself, it seems to be authority for nothing more than that the *plaintiff* in such action may be required to file such security In *Record* v. *Messenger* (8 Hun, 285) the same court, after saying that they are not then called upon to decide whether the persons prosecuting such an action in the name of the overseer, would be liable for costs, use this language : ' Doubtless, costs would, by the record in that case, go against the officer as such, and it may be a question, perhaps, whether, inasmuch as the law provides for the prosecution of this action by persons other than the overseers, in the name of the latter, the same rule would not apply as in the case of an action prosecuted by the officer himself.' By this I understand is meant that the town might be liable for costs in the same way that it would be if the officer prosecuted on his own motion, and such reasoning seems to be based on the theory that the officer is the plaintiff, and that on the record costs go against the plaintiff, but to be paid by the town, for whose benefit the action is prosecuted, whether it is brought by the overseer on his own motion or by others in his name. It is held at Special Term (*In-re Martin*, 7 N. Y. Civ. Proc. Rep. 399) that section 3271 does not authorize the court to compel such persons to file such security, and a similar decision is made at General Term, in *Comrs., etc.,* v. *McGrath* (27 Hun, 425).

"I shall, of course, on this motion, consider the order requiring Seeley and Hugg to deposit this money as regular and properly made, but, by its terms, such money is to be applied to the payment of such costs as shall be awarded against *them*. Neither of the judgments which defendant has obtained award any costs against Seeley or Hugg. Even if they are to be considered as plaintiffs in the action, costs go against them personally only in the event that the court so orders on account of their mismanagement or bad faith (Code, § 3246),

and for this reason defendant has not acquired any right, under the order, for the relief which he asks. The defendant's motion, therefore, must be denied. Costs are allowed in the motion by Seeley and and Hugg to correct the judgment entered on the order of the General Term, but none are allowed on the defendant's motion to apply the moneys deposited to the payment of his judgments."

*Edward E. Dean*, for the appellant.

*W. Martin Jones*, for the respondent.

HARDIN, P. J.:

This action was brought by an officer in his official capacity, and no execution can be issued upon a judgment recovered against him in his official capacity. (Code Civ. Proc. § 1931.) Such a judgment as has been entered in this action may be collected of the town for which the plaintiff, as overseer, acts. (*Thayer* v. *Lewis*, 4 Den. 273; *Avery* v. *Slack*, 19 Wend. 50; *The People ex rel. Allaben* v. *The Board of Supervisors of Delaware County*, 12 How. 50.) The money deposited with the county treasurer was placed there by the informers; they are not plaintiffs in the action; no judgment has been rendered against them. The money needed to indemnify the town against any loss it may sustain by reason of being obliged to pay any judgment rendered in this action, may be claimed by the town or the officer in its behalf. Such portion of the money as shall not be needed to indemnify the town may be claimed by the persons making the deposit. In those controversies the defendant has no vested interest. Nothing is shown by the papers presented upon the motion to indicate that the defendant has not a perfect remedy for the recovery of the costs awarded to him by pursuing the usual methods to enforce judgments in such a case as this. These views, together with those suggested in the opinion of PARKER, J., at Special Term, lead me to advise an affirmance of the order.

MERWIN, J., concurred; MARTIN, J., not voting.

Order affirmed, with ten dollars costs and disbursements.