PEOPLE ex rel. BUTLER et al. v. HAWXHURST et al.

(Supreme Court, Appellate Division, Second Department.   December 23, 1907.)

MANDAMUS—HIGHWAY BOARDS—OBSTRUCTIONS.

    Where bathhouses are built at the foot of a highway, which extends to the shore of a bay at high-water mark, so as to substantially cut off access to the water from the highway, mandamus will lie to compel the board of highway commissioners to remove the obstructions.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, § 142.]

Appeal from Trial Term, Nassau County.

Mandamus by the people, on the relation of William H. Butler and another, against Frederick W. Hawxhurst and others, as board of highway commissioners, to compel removal of obstructions. Judgment for defendants, and plaintiffs appeal. Reversed and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Bertram L. Kraus, for appellants.
George B. Stoddart, for respondents.

GAYNOR, J. In 1877 the commissioners of highways made an order opening a highway now called Maple avenue down "to the shore at highwater mark," i. e., to the shore of the bay called Oyster Bay, and the highway has ever since been open and in public use. There is nothing to show that land of the town was taken along the shore above highwater mark without any notice to the town officials in the opening of such highway, as the defendants claim; nor does it appear

that the town owned any land there. Above highwater mark at the foot of and upon the said highway several persons have erected bath houses, and this proceeding was to obtain a peremptory writ of mandamus against the defendants, the highway commissioners, to compel them to remove such obstructions. With the obstructions there access to the water by the said highway is substantially cut off. A dock or landing there out into the water would be a very different thing. The final order should have been for the relators, as such a proceeding is maintainable. People ex rel. Pumpyansky v. Keating, 168 N. Y. 390, 61 N. E. 637.

The final order should be reversed, and a new trial ordered.

Order reversed, and new trial ordered; costs to abide the event. All concur.