(91 Misc. Rep. 287)

In re MARVIN et al.

(Supreme Court, Special Term, Monroe County. July, 1915.)

1. MANDAMUS ⬤98—HIGHWAYS—ABANDONMENT.

A petition for an alternative writ of mandamus, requiring the superintendent of highways to cancel a certificate of a qualified abandonment of a highway, pursuant to Highway Law (Consol. Laws, c. 25) § 234, and put the highway in a suitable condition for travel, will be granted, where it alleges that a filing of such certificate in the town clerk's office is colorable only, and part of the wrongful and fraudulent scheme to permanently abandon the road and deprive the petitioner and public of its benefit.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 142, 149; Dec. Dig. ⬤98.]

2. CERTIORARI ⬤24—DECISIONS REVIEWABLE—HIGHWAYS—CERTIFICATE OF QUALIFIED ABANDONMENT.

The action of a town superintendent of highways in filing a certificate of qualified abandonment of a town highway, under Highway Law, § 234, not being determinative of the rights of the parties, is not reviewable under Code Civ. Proc. § 2122, subd. 1, providing that a determination

---

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

which does not finally determine the rights of the parties is not reviewable on certiorari.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. § 37; Dec. Dig. ⬥⟶24.]

3. MANDAMUS ⬥⟶98—RIGHT TO REMEDY—PERFORMANCE OF STATUTORY DUTIES.
    Mandamus lies to compel a superintendent of highways to perform his statutory duties.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 142, 149; Dec. Dig. ⬥⟶98.]

Application by George J. Marvin and others for a writ of mandamus against Fayette H. Huff, as Town Superintendent of Highways of the Town of Canadice. Alternative writ directed to issue.

Frank K. Cook, of Geneseo, for relators.
P. H. Leahy, of Canandaigua, for respondent.

SAWYER, J.   The moving papers show that for more than 50 years a highway, commonly known as the "Hemlock Road," has been maintained through the town of Canadice. This highway connects with those in towns north and south of the town of Canadice in such a manner as to form a direct thoroughfare from such southerly towns northward into the city of Rochester. It is also shown that in recent years respondent and his predecessors in office have allowed the road to become so out of repair as to be practically impassable and dangerous for travel, and that because of such neglect and inattention to duty its use had, prior to the 13th day of June, 1914, practically ceased. It further appears that respondent, on or about said 13th day of June, 1914, made and filed in the office of the clerk of the town of Canadice a certificate of qualified abandonment of said road, pursuant to the provisions of section 234 of the Highway Law. It is likewise alleged, in substance, that such certificate of qualified abandonment is colorable only, and is a part of a wrongful and fraudulent scheme to permanently abandon the road and deprive petitioners and the public of its benefit. Upon this statement of facts relators seek an alternative writ of mandamus requiring respondent to cancel such certificate and to repair said road and place it in a suitable condition for travel.

[1, 2] At the outset respondent meets the prayer of petitioners with the objection that mandamus will not lie; that the only remedy open to relator, if any, is by way of a writ of certiorari. This objection is based upon the making and filing of the certificate of qualified abandonment, and assumes that respondent's act in that regard is such an official judicial determination as can only be reviewed by certiorari. The allegation of the moving papers is that such certificate is not a judicial determination by the superintendent of highways of matters within his jurisdiction, but, on the contrary, is a pretended action only, a step in a series of wrongful acts carefully planned for the injury of respondent and the public. Whether certiorari is available under such circumstances is not necessary at this time to be determined, for it will be observed that the certificate in question is not a final determination that the road in question shall be abandoned. It is,

as the statute terms it, only a qualified abandonment, and is subject at any time to revocation. It is not such a determination as finally determines the rights of the parties with respect to the matter, and therefore cannot be reviewed by certiorari. Code Civ. Proc. § 2122, subd. 1; People ex rel. Bushnell v. Newell, 131 App. Div. 555, 115 N. Y. Supp. 399.

[3] That mandamus will lie to compel a superintendent of highways to perform his statutory duties is well settled. People ex rel. Case v. Collins, 19 Wend. 56; People ex rel. Ottman v. Seward, 27 Barb. 94; People ex rel. De Groat v. Marlett, 41 Misc. Rep. 151, 83 N. Y. Supp. 962; People ex rel. Butler v. Hawxhurst, 123 App. Div. 65, 107 N. Y. Supp. 746. It may be that, upon a trial of the issues raised by an alternative writ and its traverse, the facts set up by respondent in his affidavits will result in a denial of the relief sought; but that question must be left for decision from the evidence. It is not within the province of the court to try the issues by affidavits upon this motion.

Alternative writ is directed to issue.