## SUPREME COURT.

THE PEOPLE *ex rel.* J. A. H. HASBROUCK, respondent agt.
THE BOARD OF SUPERVISORS OF THE COUNTY OF NEW YORK,
appellants.

The *want of funds* is no reason why a board of supervisors should not *audit an account*.

An *ordinance* passed by a board of supervisors making a requisition upon them previous to the purchase of supplies necessary—like this: "No payment shall be made for bills incurred by any court or county officer in the purchase of supplies, unless a requisition, duly specifying the several items, shall have been made to the board of supervisors previous to the purchase," &c., amounts to nothing against the provisions of the statute in relation to county charges required to be audited.

*New York General Term, October,* 1861.

CLERKE, INGRAHAM and LEONARD, *Justices.*

THE relator in this case obtained an order that the defendants show cause why a mandamus should not be issued directing them to forthwith examine, settle and allow certain bills for stationery, &c., alleged to have been furnished to county officers, and set forth in the relator's affidavit, and direct payment of said bills, &c.

Affidavits were read in opposition to the motion by the appellants, showing that no requisition had been made upon the board of supervisors for the supplies in question, as required by ordinance; that no appropriation had been made previous to incurring the alleged expense; that the supplies were ordered by clerks who had no authority to order the same; and that the board had passed upon and rejected the claim of the relator.

The court, at special term, granted the mandamus, and ordered the board to audit the bills. (*Reported fully* 21 *How. Pr. R.*, 322.) From this order the board now appeal to this court. The main ground taken in opposition is that the articles or supplies alleged in the relator's affidavit to have been furnished to the officers in said affidavit referred

to, were (if furnished at all) illegally furnished, inasmuch as no requisition, as required by the ordinance of the respondents, had been made upon them previous to the purchase of such articles or supplies.

Wm. Fullerton, *for plaintiff.*

I. The demands of the relator were properly presented to the board of supervisors, and it was their duty to audit them.

There is no evidence whatever that the articles composing the bill were furnished the clerks in their individual capacity.

II. The supervisors possessed no authority whatever to prescribe the manner in which bills against the county should be contracted.

. The Revised Statutes make all expenses necessarily incurred by any county officer, in executing the duties of his office, in cases in which no specific compensation therefor is provided by law, county charges, and all such accounts are to be audited by the board of supervisors. (3 *R. S.*, *5th ed., p.* 902.)

III. The board having rejected the bills on untenable grounds without auditing them, can be compelled by mandamus to discharge their duty as prescribed by statute.

A. R. Lawrence, Jr., *opposed.*

First.—This motion is for a mandamus to compel the respondents to " examine, settle and allow" the bills of account referred to in the affidavit of the relator, and to direct the payment of the said bills, &c.

(a.) In order to entitle a party to a writ of mandamus, it must be shown beyond dispute that he has a clear *legal right* to demand what is asked for in his writ. (*People* agt. *Supervisors Chenango,* 1 *Kern.,* 563 ; *People* agt. *Supervisors Greene Co.,* 12 *Barb.,* 217; *People* agt. *Canal Board,*

13 *Barb.*, 441, *and cases cited; Crary on Special Proceedings*, 272:)

(b.) The writ never issues in cases of *doubtful* right. (*Crary on Special Proceedings*, 272.)

SECOND.—The relator in this case has no legal right to demand what is asked for in his order, for these reasons :

I. The articles or supplies alleged in the relator's affidavit to have been furnished to the officers in said affidavit referred to, were (if furnished at all) illegally furnished, inasmuch as no requisition, as required by the ordinance of the respondents, had been made upon them previous to the purchase of such articles or supplies.

II. The appellants were fully authorized to pass such ordinance under the general powers vested in them by the act of April 16th, 1857, entitled " An act relating to the board of supervisors of the county of New York." (*See Laws of* 1857, *vol.* 2, *p.* 285—*sec.* 5, *particularly.*)

The 5th section of the act of 1857 expressly provides that no expense shall be incurred, whether it shall have been ordered by the board or not, unless an appropriation then in the treasury sufficient to cover such expense shall have been previously made.

The appellants contend that this provision gave to them the right to take any step or pass any ordinance which might enable them to know or ascertain what appropriations would be required for particular purposes.

Any other construction would render the provision in question nugatory, and county officers would be at liberty to expend the county moneys and contract debts against the county to any extent they might desire.

The learned justice who delivered the opinion at the special term, seems to have overlooked the last portion of the section in question, as he says that the 5th section simply " prohibits the payment of money unless an appropriation had been previously made for the purpose."

The section goes further than that, and prohibits the

74        NEW YORK PRACTICE REPORTS.

People *ex rel.* Hasbrouck agt. Supervisors of New York.

incurring of expense without a previous appropriation, the legislature clearly intending to enable the supervisors at all times to know and control the expenditures of the county moneys by county officers.

III. The officers of the county of New York had no power to contract any bills in the name of the county, except in the manner specified in said ordinance.

They were bound to take notice of the ordinance, and, if not, they had actual notice of its passage.

And the relator himself had notice of the passage of the ordinance referred to in Blunt's affidavit, and that no articles would be paid for unless a requisition had previously been made therefor upon the board of supervisors.

IV. The bills are not therefore legal county charges, and, if not such, the relator has no right to demand that the appellants shall " audit, examine or allow the same."

THIRD.—Again : the relator has no legal right to demand what is asked for in his affidavit, because the bills in question were not only contracted in violation of the ordinance referred to in Blunt's affidavit, but also in direct violation of the 5th section of the act of April 16, 1857, aforesaid.

(a.) That section, in full, is as follows :

" § 5. No money shall be drawn from the treasury except the same shall have been previously appropriated to the purpose for which it is drawn, and no *expense* shall be incurred, whether it shall have been ordered by the board or not, unless an appropriation of moneys then in the treasury sufficient to cover such expense shall have been *previously made.*"

(b.) Now, to entitle the relator to have the bills set forth in his affidavit audited or paid, it is incumbent on him to show affirmatively that there was an appropriation in the treasury of the county of New York *sufficient to cover the expense of his bills,* and which appropriation had been made *previously to the incurring of the expense.* If no such appropriation existed, the expense was not legally incur-

red, and if not legally incurred, it was not a county charge, and if not a county charge, the appellants were under no obligation to audit or settle or allow the same.

The learned justice at the special term errs in deciding that it is only when the relator comes to ask for payment of his bill that this objection can be insisted on. As has been said under the second point, this section does not alone refer to the payment of money, but to the incurring of expense which precedes payment, and if the appellants see that a claim is illegal, for want of an appropriation at the time the expense was incurred, the court will not compel them to audit the illegal bill in order that the comptroller may subsequently object to its legality.

(c.) The relator not only fails to show *affirmatively* that there was an appropriation, but it expressly appears from Mr. Blunt's affidavit that no such appropriation existed, or had been made at the time the alleged expense was incurred.

The design of this section of the act of 1857, and of the ordinance aforesaid, was to enable the supervisors as the guardians of the money of the county, to know exactly what expenses would have to be incurred, and to make appropriations to meet them.

If the relator could get a mandamus in a case where these provisions had both been violated, the object of the law and the ordinance would be entirely defeated.

Fourth.—Again : the relator is not entitled to demand what he asks for, because it appears from his affidavit, attached to his bills, that the articles therein mentioned were furnished at the request of the " clerks of the several offices therein mentioned," &c.

The ordinance in question contemplates a requisition signed by the county officer for whose office the articles required are intended ; no authority is vested in his subordinates to make such requisitions.

Fifth.—But the conclusive answer to the relator's motion

is, that the bills referred to in his affidavit have already been examined and rejected by the appellants.

(a.) If the bills of the relator have any legal existence whatever, they are county charges, and as such, subject to the determination of the board of supervisors.

(b.) It was held by the superior court of this city, in the case of *Brady* agt. *The Supervisors of New York*, (2 *Sand.*, 460,) that " the statute virtually makes this body (the board of supervisors) a board of arbitration, to which all parties having claims against their respective counties must submit such claims for examination, audit and allowance, *and it allows no appeal from their decision.*" (2 *Sand.*, 471–2.)

This decision was affirmed by the court of appeals, (6 *Seld.*, 260,) the court adopting the reasoning of the superior court.

(c.) The power given to the supervisors of a county to examine, settle and allow all accounts chargeable against a county, involves the *right to reject, if sufficient reasons in the opinion of the supervisors are not presented for the allowance.* (*The People* agt. *Supervisors of Dutchess*, 9 *Wend.*, 508 ; *and see* 1 *R. S., p.* 855, § 38, *5th ed.*)

Now it appears, from Mr. Blunt's affidavit, that the bills presented by the relator have been duly examined, both by the supervisors and their committee on printing and stationery, and that in the opinion of the said board of supervisors, sufficient reason existed for rejecting the relator's claim.

(d.) This case, then, presents just this state of facts : The relator, claiming to have an account against the county of New York, has presented his claims to the board of supervisors, the tribunal constituted by law to pass upon such claims, and authorized to exercise their discretion in rejecting or allowing the claims ; that the board has, in the exercise of such discretion, rejected the claim, sufficient reasons for so doing in their opinion existing.

As the law allows no appeal from the decision of the supervisors, and will not control them in the exercise of their discretion, the relator must therefore fail. (*Brady* agt. *Supervisors,* 2 *Sand.,* 471–2; *same case,* 6 *Seld.,* 260; *People* agt. *Supervisors of Dutchess,* 9 *Wend.,* 508; *People* agt. *Supervisors of Livingston,* 26 *Barb.,* 118; *People* agt. *Supervisors of Fulton,* 14 *Barb.,* 59; *People* agt. *Supervisors of Westchester,* 12 *Barb.,* 446; *Supervisors of Onondaga* agt. *Briggs,* 2 *Denio,* 26.)

SIXTH.—This is not a case in which the supervisors have refused to exercise their discretion, in which case, although the court will not interfere to control the discretion of the board, they will issue a writ to compel the board *to act.*

SEVENTH.—The suggestions which are made in the decision rendered at the special term, in reference to the delay which might result from an adherence by county officers to the ordinance passed by the appellants, it is respectfully submitted, should have no bearing upon the case.

The question before the court is one of power. If the appellants possess the power to pass the ordinance referred to, no inconvenience which may flow from its observance can be an excuse for its violation.

The appellants conceive that they possess the power; that it is conferred upon them by the act of 1857; and having passed the ordinance in entire good faith, and from a desire to promote an economical distribution of the public funds, they have deemed it their duty to resist this attempt to evade its powers.

EIGHTH.—The order at the special term should be reversed, with costs.

By the court, LEONARD, Justice. The ordinance referred to cannot operate against the provisions of the statute in relation to county charges.

Where funds are not in the county treasury to meet expenses necessarily incurred by a county officer, they must

be provided for, after having been audited and allowed, in the next tax levy.

The want of funds is no reason why the board should not audit such an account, though it might necessarily delay the payment.

The order appealed from is affirmed, with ten dollars costs.