JOHN DONNELLY, Plaintiff, v. THE MAYOR, ALDERMEN AND
COMMONALTY OF THE CITY OF NEW YORK, Defendant.

(Decided January 7th, 1878.)

Proof of services rendered from year to year as "recording clerk" of a surrogate, is
not sufficient to make out a case of employment under the Act of 1828, chap. 134,
concerning the appointment of assistants by a surrogate to record the papers left
unrecorded by his predecessor, or to justify the audit of a claim for such services
as a county charge.

*It seems*, that act contemplates services of a temporary and special nature, and al-
though it is the duty of the surrogate, when the exigency arises, to employ such
services, and they will then be a county charge, the person claiming pay from the
county by reason of appointment under that act, must show that the necessity
for his employment under the act existed.

THIS case came before the general term on exceptions
taken by defendant on the trial before Judge LARREMORE
and a jury at trial term, which exceptions were ordered to
be heard at the general term in the first instance.

Plaintiff brought this action for services rendered as clerk
in the surrogate's office (New York county) from September
1st, 1868, to January 1st, 1870, $1,600.

By a resolution of the board of supervisors of the county
of New York, passed July 23d, 1867, and approved by the

---

* The decision here was affirmed by the Court of Appeals, March 18th, 1879.

mayor, July 30, 1867, the surrogate was "authorized and directed to employ such aid, not to exceed nine persons, as may be necessary to place the records of his office in a safe and useful form." By a resolution of the board passed and approved on the same day (July 30, 1867) the sum of $5,000 was " set apart from the appropriation for county contingencies, to be applied toward the payment of the persons employed in the surrogate's office for and under the resolution adopted July 30, 1867."

Plaintiff was employed by the surrogate (Tucker) and went to work September 1st, 1867, " as recording clerk." His appointment was not in writing. Nine recording clerks altogether were employed under the resolution. He performed services continuously from that date until January 1st, 1870. Prior to 1868, he was paid $100 per month; after September 1st, 1868, he was not paid.

The appropriation of $5,000 made by the supervisors was exhausted in the latter part of 1867 or the early part of 1868.

In 1868 the surrogate made up his estimate of the expenses of his office for the year 1869 in detail, and transmitted it to the comptroller. It included the name of the plaintiff for a salary of $900, also the other of the nine recording clerks at $900 each. The nine recording clerks, including plaintiff, were struck out of the estimates, and no appropriation was made for them. The same thing occurred with the estimate for 1870, transmitted by the surrogate to the comptroller in 1869. Notwithstanding he was not paid after September 1st, 1868, plaintiff kept on at work in the surrogate's office. He was not, after that date, put on any pay roll, but Mr. Aiken, chief clerk of the surrogate, made out a monthly due bill for him, which he swore to, and which was filed in the comptroller's office.

The board of supervisors passed four resolutions directing payment to the plaintiff. One July 5, 1869, for $1,000, for services at $100 per month, from September 1st, 1868, to July 1st, 1869; one September 17, 1869, for $200; one November 24, 1869, for $200, and one December 27, 1869, for $200. These resolutions were adopted upon bills made out

for those amounts to the county of New York by plaintiff for services as "clerk in the surrogate's office," which bills were duly verified by him. Defendant relied upon the act of 1847, chap. 432, section 7, requiring the appointment of assistants to the surrogate to be in writing; upon the prohibition in the act of 1867, chap. 806, section 2, against the creation of new offices by the supervisors; upon the provision of the act of 1857, chap. 590, sec. 5, declaring that no expense shall be incurred by the county, whether authorized by the board of supervisors or not, unless an appropriation of money then in the treasury sufficient to cover such expense shall have been previously made; upon the alleged ground that no legal claim against the county existed in plaintiff's favor when the supervisors audited and allowed his four successive demands in 1869; and upon the limitations upon county officers as to incurring expense when no appropriation is made for it. (See L. 1868, chap. 854, sec. 4, and L. 1869, chap. 575, sec. 7.)

The learned judge at special term directed a verdict in plaintiff's favor, and ordered the exceptions to be heard in the first instance at general term.

*David J. Dean* and *Wm. C. Whitney*, for defendants.

*Malcolm Campbell*, for plaintiff.

JOSEPH F. DALY, J.—If the plaintiff were employed by the surrogate to record papers unrecorded by his predecessor under the powers conferred by the act of 1828 (L. 1828, c. 134), it is probable that the expense of his employment would be a county charge and might be incurred by the surrogate and audited by the supervisors, notwithstanding the restrictions in the acts of 1857 (L. 1857, c. 590, § 5), of 1868 (L. 1868, c. 854, § 4), and of 1869 (L. 1869, c. 875, § 7), as to the incurring of expense without a previous appropriation. (*People* v. *Supervisors*, 22 How. Pr. 71; *People* v. *Supervisors*, 32 N. Y. 473; *People* v. *Green*, 56 N. Y. 466.) But the expense authorized by the act of 1828,

above cited, is of a special and peculiar nature, and has no reference to the permanent appointment of salaried clerks holding from year to year. The latter class of employees would properly fall within the description of " assistants," whose appointment by the surrogate is provided for by the act of 1847 (L. 1847, c. 422, § 7), whose appointment must be in writing and filed in the office of the clerk of the city and county of New York. The surrogate can appoint no greater number than the board of supervisors may prescribe from time to time. As to such appointments by the surrogate, when authorized by the board of supervisors, the restrictions of the acts of 1857, 1868 and 1869, as to incurring expense without appropriation, would apply, even if the appointees were not *officers* and the limitation on the power of creating new offices in the act of 1867 (L. 1867, c. 806, § 2) did not invalidate the appointments.

The resolutions of the board of supervisors of July 30, 1867, authorizing the surrogate to " employ such aid, not to exceed nine persons, as may be necessary to place the records of his office in a safe and useful form," and appropriating $5,000 to pay such employees, was not necessary to make valid an employment by the surrogate under the act of 1828 (*supra*), making it his duty to record papers unrecorded by his predecessor. He had the power to employ persons for such purpose because it was his duty to do so.

If the said resolutions were offered to show authority for plaintiff's appointment generally as an " assistant" to the surrogate, there is still needed a written appointment by the latter and the filing of such appointment in the county clerk's office under the statute of 1847. It cannot be assumed that plaintiff was employed by the surrogate under the resolutions of July 30, 1867, to perform work required by the exigencies contemplated by the act of 1828, because no proof whatever of the nature of his duties, except that he was one of nine " recording clerks," appears in the evidence. It must be clearly shown that the surrogate acted upon the necessity provided for by the statute to justify the audit of plaintiff's claim by the supervisors as a county charge. But if we were

to assume that his employment by the surrogate under the resolution was an employment to perform duties demanded by the exigencies of the occasion for the safety of the public records, we would not be safe in assuming that such necessity was not fully met by the ample provision of clerks and funds then made for the purpose. The mere fact that the plaintiff continued to work in the surrogate's office after the appropriation of $5,000 was exhausted, and so continued for sixteen months, proves nothing and entitles him to no fixed salary. (*Dunphy* v. *The Mayor*, 8 Hun, 482.) He shows no employment by the surrogate to perform special service, or at any fixed rate after the appropriation was exhausted.

The auditing of plaintiff's claim for these sixteen months by the board of supervisors does not help him, because without a legal claim against the county, the supervisors had no jurisdiction.

From the evidence in the case before us the plaintiff's claim seems to be based on a permanent, continuous employment from year to year, without a valid appointment being shown.

The defendant's exceptions are sustained and a new trial ordered, costs to abide event. (Code, § 1000.)

VAN HOESEN, J., concurred.

CHARLES P. DALY, Chief Justice.—If the plaintiff had discharged the duties of an assistant to the surrogate, under circumstances that warranted him in concluding that he had been appointed an assistant, it may be that the omission of the surrogate to put the appointment in writing and file it, as required by the statute, would not have prevented the plaintiff from recovering the stipulated compensation. But it is not necessary to examine or pass upon that question, for it was not claimed on the argument that the plaintiff had been appointed by the surrogate an assistant, under the 7th section of the act of 1847 (L. 1847, c. 432).

The right to recover was put upon the express ground that the plaintiff was employed by the surrogate, as he had

a right to do, under the act of 1828, to record the orders and decrees of the surrogate's predecessor, and that his compensation therefor necessarily became a county charge, and I agree with Judge DALY, that there is no evidence in the case showing that such was the nature of the services performed by the plaintiff, during the period for which he sought to recover. All that appears is, that he was employed by Surrogate Tucker on the 1st of September, 1867, as a recording clerk; that two years afterwards, in the estimate of the expenses of the year 1869, made by the chief clerk of the surrogate, there were included the salaries of nine recording clerks, of whom the plaintiff was one, under the resolutions of the board of supervisors, of July 23d, 1867, empowering the surrogate to employ not exceeding nine persons to place the records of his court in the safe and useful form, and for which an appropriation of $5,000 was made by the board of supervisors, to be applied towards the payment of the persons so employed, and that this estimate of expenses or budget was modified by deducting the salaries of the nine recording clerks, on the ground that no authority existed for their employment in 1869. The plaintiff's claim was for services from July 5th, 1869, to July 1st, 1870, and there is nothing in the case to show that during this time he was employed and performed the kind of service for which provision was made in the act of 1828.

I agree, therefore, that a new trial must be granted.

Exceptions sustained and new trial ordered, costs to abide event.