ALBANY,
Feb. 1825.

The People
v.
Van Wyck.

<hr/>

THE PEOPLE *against* P. C. VAN WYCK.

A district at-
torney is not
liable for
clerk's fees ac-
cruing in the
course of suits,

ASSUMPSIT, against the defendant, an attorney of this
Court, for fees of the Clerks of this Court, upon the statute
(1 R. L. 243.)

for fines and forfeitures upon recognizances, pursuant to the act of the 21st of April, 1818,
(sess. 41, ch. 283, s. 7, Laws N. Y. vol. 4, p. 307, (c.) unless such fees are in fact collected by
him.

The board of supervisors are not bound to allow him a compensation for services, under that
section, but only for those which arise in the course of criminal proceedings, viz. such as are
provided for district attorneys in the statute of 1813, (2 R. L. 21,) or by the act (sess. 41, ch.
283, s. 9,) which do not extend to suits upon recognizances, &c

The defendant pleaded that these fees, if any, accrued for services done, and materials and other necessary things found and provided, in certain suits at law, prosecuted for and in the name of the plaintiffs, to recover certain fines and forfeitures due and owing to them, in which suits the defendant officiated as public prosecutor, in the capacity of district attorney for the county of New York, he being, at the time, district attorney.

Another plea was to the same effect, adding that no costs or moneys whatever had been recovered and collected of the defendants.

Demurrer to both pleas, and joinder.

*Talcott*, (Attorney General,) in support of the demurrer. Before the statute, (1 R. L. 243, s. 4,) giving a salary to the clerks, no doubt the defendant would have been liable for fees at their suit individually. That statute provides that the clerks of this Court shall render an account of all fees without exception to the Comptroller, who has it in charge by the same act to see that they are collected. The people come in as the successors or assignees of the clerks. By the act of April 21, 1818, (4 Laws N. Y. 306, sess. 41, ch. 283, s. 6,) district attorneys are thereafter to be paid all fees and disbursements by the counties. The supervisors are bound to allow for the fees in question ; and if this defence prevail, the defendant succeeds in throwing upon the people, what they have charged upon the several counties.

At any rate, the defendant does not go far enough. He should not only say that the fees arose in the course of public prosecutions, but show in particular, what suits they were, and the kind of services which he called on the clerks to perform. For aught that appears, a great variety of unnecessary labor may have been demanded of the clerks under pretence of these suits, for which the defendant would be liable, allowing his defence for those which were necessarily performed. If he succeed, it must be on the ground that circuity of claim is to be avoided ; that if he is liable, yet he may demand reimbursement of the plaintiffs, which

would be an idle ceremony.   To make out a bar on this ground, he should show fully and clearly the specific services, that the Court may see judicially, whether they were proper.   It does not follow, that because they were performed in the course of the causes, the plaintiffs are to allow them.

*Van Wyck*, in person, contra, said he had defended this suit upon the broad ground that a public prosecutor is not liable to the officers of the state for services which he demands of them.   He is certainly not bound to advance money for them out of his own pocket.   If he is liable to the clerks of the Supreme Court, he is equally so to clerks of counties, sheriffs and constables, a thing which was never heard or thought of.   All these officers are bound to work for the people without pay, unless there be an express provision for them. (2 Bac. Abr. *Fees*, (A) p. 463.)   Witnesses for the state were allowed no fees at the common law, as is evident from the statute, (sess. 42, ch. 248, s. 7,) providing that the Treasurer shall pay them.   If we are correct, in saying these disbursements cannot be charged, the county are not liable to pay ; and although the proceeds of the recognizances are given to the counties, this works no change as to the district attorney's liability to pay clerk's fees in the first instance.   The suits prosecuted are still in the name of the people, and for the people ; and they are the true plaintiffs in the suits.   A public agent is not personally liable. (*Walker* v. *Swartwout*, 12 John. Rep. 444. *Olney* v. *Wickes*, 18 id. 122.)   If unnecessary services have been done, the attorney general should have replied this fact.   Till this is shown, it will be intended that the public prosecutor has done his duty.

The *Attorney General* in reply, said the bills of costs are usually made up in these prosecutions for fines and forfeitures, the same as in a civil suit.   A retaining fee, other items of service by the attorney, and clerk's fees, are charged to the defendant, and paid by him over to the district attorney, who has no right when called on by the clerk, to claim them as a godsend to himself.   The services

are no longer done for the people, but only a part of the people. The fines go to the counties, (sess. 41, ch. 283, s. 7,) who are relators, merely using the name of the people, like the relator upon a sheriff's or administrator's bond, who is allowed to sue in the people's name, but is bound to pay costs as an individual. Here it is claimed that the people have given up all these debts to the counties, and yet are required to pay for collecting them. This should be at the proper costs and charges of the assignee; at least, the district attorney should have shown due diligence to collect of the defendants, and that he had failed.

WOODWORTH, J. By the act of April 9th, 1813, (2 R. L. 16,) the fees of the clerks of the Supreme Court, in civil causes, are regulated. When the services specified are performed, they are entitled to compensation. But it by no means follows, that when a public officer is required by law to institute and conduct prosecutions, in behalf of the people, and is necessarily obliged to resort to the clerk to seal the process, and perform other services incident to such prosecutions, that the claim for compensation is against the officer. If this were the case, it would seem to subvert the known and established rule, that where a public agent or officer acts ostensibly within the line of his official duty, his contracts are public, not personal. ( *Walker* v. *Swartwout*, 12 John. 444. *Olney* v. *Wickes*, 18 id. 122.)

The fees of the clerk generally accrue from services rendered for attorneys in the causes of individual suitors. In such cases the attorneys are liable. But in the case before us, the defendant was district attorney. By the 7th section of the act of April 21, 1818, (4 Laws N. Y. 307 (c,) it is declared that fines and recognizances, which may be imposed and forfeited in any of the counties within this state, shall be collected by the district attorneys thereof, and paid to the county treasurer, for the use of the county. This act imposed a duty. So far as the personal service of the district attorney extended, he was bound to perform it; but it never could have been intended, nor does the act require a construction, that he was also bound to make ad·

vances of his own money to the different officers of Court and witnesses, so as to enable him to bring such causes to a termination. If such had been the intent, it is reasonable to suppose, that some provision would have been made for the ultimate remuneration of the officer, at least, in cases where there was a failure to recover. But, in this respect, the law is silent. The 6th section declares, that the compensation which is *allowed by law* to district attorneys, shall be paid by the respective counties; and that their accounts be taxed by any officer authorized to tax costs in the Supreme Court. Here is the only provision for payment; and that has reference to the fees *allowed* by the act of 1813, for conducting public prosecutions; and does not include fees for services in civil suits. When, therefore the act speaks of compensation *allowed by law*, it necessaly means such fees as the act of 1813 specifies; for there is no other act on the subject. The 9th section of the statute of April 1st, 1818, does not reach the case. If the defendant had made application for compensation to the supervisors of the county, they might correctly answer, the county is entitled to the fines when collected; but with the costs accrued we have no concern; for the act has not required us to make any allowance. Whether the clerk would have been justifiable, in refusing, till paid, to file the papers and affix the seal to process, in the causes commenced by the district attorney, it is not necessary to decide. It is enough that, in our opinion, if he rendered his services, the officer is not bound for payment.

The act has not provided in what manner the fees shall be paid. The claim for compensation must, as in other cases not specifically provided for, be addressed to the justice of the legislature.

If the preceding view be correct, with respect to the clerk, prior to the passing of the act of April 6th, 1810, I think that subsequent to that period, the argument against the defendant's liability becomes more conclusive; for, by that act, a salary is allowed to the clerks, and the amount of fees are directed to be paid to the treasurer of the state.

If the plaintiffs are entitled to recover, an officer who is directed to perform services for the state, and in the exer

cisc of that duty, is obliged to resort to the office of the state for the purpose of filing his papers and sealing process, is placed on the same footing as an attorney for private suitors; and that too, although it turns out that nothing can be recovered against the persons prosecuted. Such a principle would indeed place the state on advantageous ground, and distinguish the case from the law applicable to principal and agent; but it cannot be supposed. When an agent acts within the scope of his authority, and renders services for his principal, he is entitled to be paid both for his disbursements and services. Suppose the principal happened to be the owner of the horse rode by the agent, in traveling to perform his agency, or the owner and occupant of the ferry over which he crossed, would it be contended that he should pay his principal for these aids? For what purpose could the law sanction such a claim, when it is evident that if the agent paid the principal for such charges, he would be entitled to recover them back, as expenses necessarily incurred? This would be the case between individuals. The present case is distinguished in this, that the state cannot be prosecuted; yet the principle is the same. If the defendant had succeeded and recovered the costs, then he would have become liable for these fees on the ground of money had and received; but not otherwise. One of the pleas avers that no costs or moneys have been recovered or collected, which the demurrer admits. The objection that due diligence ought to have been averred cannot be sustained; for, until the contrary appears, we are to presume that a public officer has done his duty.

I am of opinion that the defendant is entitled to judgment.

SUTHERLAND, J. concurred.

SAVAGE, Ch. J. having been Comptroller, in whose office the fees in question stood charged to the defendant, and having also directed this suit to be brought, gave no opinion.

Judgment for the defendant.