8            ABBOTTS' PRACTICE REPORTS.

People *on rel.* Hall *a.* The Board of Supervisors of the city of New York.

THE PEOPLE *on rel.* HALL *a.* THE BOARD OF
SUPERVISORS OF THE CITY AND COUNTY
OF NEW YORK.

*Supreme Court, First District; At Chambers, March,* 1864.

COUNTY CHARGES.—DISTRICT ATTORNEY.—EXPENSES OF OFFICE.
—MANDAMUS.

The fees of a sheriff for services in actions prosecuted by the district attorney of
the county to recover penalties for the benefit of the Metropolitan Police Fund
or the treasury of the State, are not county charges.
Nor is the county liable for the amount of such fees to a district attorney who
has voluntarily paid them.
A mandamus will not be granted unless the right to it is entirely clear.

Motion for a peremptory mandamus.

The application was made on the relation of A. Oakey Hall,
district attorney, against the Board of Supervisors of the city
and county of New York.

By the Act entitled "An Act to Establish the Metropolitan
Police District, and to Provide for the Government thereof"
(*Laws of* 1857, ch. 569, § 21), it was made the duty of the dis-
trict attorney of the county wherein the offence of selling liquor
on Sunday or election day was committed, to sue for and re-
cover, in the name of the people of the State, the penalty im-
posed by said section. Pursuant to this Act, suits were com-
menced by the district attorney of New York, and were by
him prosecuted against offenders to recover the penalty. The
summons and complaints were sent to the sheriff of New York
for service, and were by him served.

The causes at issue were placed upon the calendar of the New
York Common Pleas, in which court the suits were brought.

In cases where judgment was recovered, executions were
issued, and some of them returned unsatisfied.

The sheriff having performed services at the request of the
district attorney, in serving process, summoning jurors, and

returning executions, rendered his bill, with the proper vouchers, to the relator, then the incumbent of the office, and as district attorney having charge of these suits. The bill, amounting to $18,210.61, was paid, and the account therefor, properly authenticated, was presented by the district attorney to be audited and allowed. Sufficient time having elapsed, and the Board of Supervisors neglecting to audit the bill, the present application was made.

*Henry H. Anderson,* for the relator.—I. The duty of the Board of Supervisors to audit these accounts is clear. 1. It is their duty to examine and allow all accounts chargeable against the county. (1 *Rev. Stat.,* 418, § 4.) 2. These accounts are a county charge. (1 *Rev. Stat.,* 440, § 3, subd. 6, 9.) The law has made these fees a county charge when paid by the district attorney, and until paid by him they are not county charges; nor can the sheriff in any other way obtain payment for the services he was called upon by the district attorney to render, and which he was bound by law to render. This was settled in People *on rel.* Kelly *a.* Haws (12 *Abbotts' Pr.,* 19).

II. The Board of Supervisors having neglected their duty in this behalf, a mandamus should issue. But the defendants claim that the charges made are not a county charge, and cite the case of Kelly *a.* Haws as an authority. It does not follow that the county is chargeable with the payment of no moneys unless they are expended for the benefit of the county. 1 Rev. Stat., 440, § 3, subd. 9, makes no such limitation, and was intended to cover expenses charged by the Legislature upon county officers, whether rendered for the county, or for the State, or any other subdivision thereof. The counties are only subdivisions of the State, and the supervisors must pay whatever moneys are directed by the Legislature to be paid. (Town of Guilford *a.* Supervisors of Chenango, 3 *Kern.,* 143 ; Brewster *a.* City of Buffalo, 19 *N. Y.,* 118.)

III. The defendants object to the payment by the present district attorney for services rendered upon the employment or contract of his predecessor in office. 1. The obligation to pay debts contracted as district attorney is not personal, but official. If a suit is brought against him for services rendered to him officially, it would be brought against him, not as an individual,

but against him with the addition of his name of office. (Supervisor of Galway *a.* Stinson, 4 *Hill*, 136, and cases cited below.) Wherever the officer has not the funds in his hands, the Court could, of course, grant a stay till the amount could be obtained from official sources. (Avery *a.* Stack, 19 *Wend.*, 50, 53.) 2. The official liability of a public officer under a contract made by him as such officer, passes to his successor. That the rendition of services by the sheriff upon the request of the district attorney, raises an implied contract between such officer and the sheriff that he shall be paid for such services, cannot be disputed. (Adams *a.* Hopkins, 5 *Johns.*, 252; Osterhout *a.* Day, 9 *Ib.*, 114.) This is an official contract, and the official duty to pay an official liability, passes to his successor, who, upon entering the duties of his office, is substituted by operation of law in the place of his predecessor. (Todd *a.* Birdsall, 1 *Cow.*, 260; Grant *a.* Fancher, 5 *Ib.*, 309; Palmer *a.* Vandenberg, 3 *Wend.*, 193, 198; Silver *a.* Cummings, &c., 7 *Ib.*, 181.) But even if a suit could not have been maintained against the relator, we contend that his payment of these bills would entitle him to be repaid by the county. We submit that the law regards it as necessary that all debts should be paid, and where services rendered in suits are paid for at the legal rates by the person having charge of the suits, moneys so paid are necessarily paid or expended.

*John K. Hackett,* for the defendants.—I. The Board of Supervisors has no jurisdiction of the relator's account. The suits in which it is claimed that the fees, which make up the relator's account, were earned, were not commenced or prosecuted for the benefit of the county, nor did the district attorney, in the conduct of those suits, act as a county officer. (People *on rel.* Kelly *a.* Haws, 12 *Abbotts' Pr.*, 192.)

II. It is claimed on behalf of the relator, that this case is not within the decision in the case of Kelly, for the reason that the moneys have been actually expended by the district attorney. It is answered that it is not in the power of the district attorney, or any other county officer, by the payment of a claim not a county charge, to make such claim a charge against the county. It has been expressly decided (Kelly's case, *supra*), that these suits were not prosecuted for the benefit of the county, and

were not a county charge, and that the relator, in conducting these suits, did not act as a county officer. Can it be pretended that the simple payment of the sheriff's account changed the nature of the claim? It has been repeatedly decided that the audit and allowance by the Board of Supervisors of a claim not a county charge is not conclusive upon the treasurer of the county, and that he is justified in refusing to pay it. (People a. Lawrence, 6 *Hill*, 244; People a. Stout, 23 *Barb.*, 349.)

III. These moneys were not only not expended by the relator in the execution of his duties as a county officer, but they were unnecessarily expended. These claims all accrued during the term of office of the relator's predecessor. Admitting, therefore, the liability of a public officer for sheriff's fees in cases prosecuted by him, yet that liability must be confined to services rendered at his request, and cannot be extended to services rendered at the request of his predecessor in office. The law, however, exonerates a public officer from such liability. (Walker a. Swartout, 12 *Johns.*, 443; Olney a. Wickes, 18 *Ib.*, 122; People a. Van Wyck, 4 *Cow.*, 260.) The payment of the sheriff's account by the district attorney was gratuitous, and, therefore, both upon principle and authority, created no obligation upon the part of the county to reimburse him. (People a. Supervisors of New York, 1 *Hill*, 362; People a. Supervisors of Fulton, 14 *Barb.*, 52.) The account presented by the relator not being a county charge, the court should not interfere by mandamus to set the supervisors in motion simply to pass upon its legality. (Hull a. Supervisors of Oneida, 19 *Johns.*, 259.)

LEONARD, J.—The sheriff could not have maintained an action against the district attorney for the recovery of the fees in question. (The People a. Van Wyck, 4 *Cow.*, 265.)

The district attorney had no fund under his control belonging to the county, that I am aware of, out of which he could have made payment of those fees. It must be understood, then, in this case, that the district attorney has paid the sheriff's fees voluntarily, out of his own private funds. How can it be said, then, that he has *necessarily* expended the money for the payment of these fees?

The 9th subdivision of section 3, title 4, article 9, chapter 12,

part 1, of the Revised Statutes, is particularly relied on to sustain the application.    This section directs what shall be deemed county charges, and subdivision 9 declares that the moneys necessarily expended by any county officer in executing the duties of his office, in cases in which no specific compensation for such services is provided by law, shall be a county charge.

A specific compensation to the sheriff is provided by law, for such services or fees as those for which the district attorney has here paid him; but there is no provision that such services or fees shall be a county charge.

The statute provides for the payment of certain services or fees of the sheriff in criminal cases, and these are also made a county charge in certain cases.

Perhaps it would be unauthorized to say, that it was not intended by the Legislature, that the fees of the sheriff in civil cases prosecuted by the people, or by the county, should not be a county charge; but there is clearly no authority of the statute for making such fees a county charge.

These fees cannot be said to have been *necessarily* paid by the district attorney, unless they were paid in advance, so as to procure the services to be rendered by the sheriff, or have been so incurred as to make him legally liable to the sheriff therefor on his personal responsibility.    Such liability evidently did not exist, and the fees were not prepaid.    Nor was the relator under any moral obligation, personally, because it was his predecessor in office that initiated the actions, and caused the fees to be incurred.    No moral obligation rests on the relator as the successor in office of that district attorney who caused the fees to be incurred, because there is no fund pertaining to the office out of which the fees can be lawfully paid by him. If there were any such fund, the relator would have no occasion for the writ of mandamus.    The district attorney cannot, by volunteering the payment of these fees, create a county charge which did not otherwise exist.    The statute has provided such sheriff's fees as are a county charge; and in my opinion, those fees of the sheriff which have not been directly made a county charge by statute, cannot be made such by indirection.

Again.    It is a principle of law, well settled, that a mandamus shall not be granted unless the right to it is entirely clear.

In the strongest light that this claim can be placed, it cannot

be considered that the right to a peremptory writ under these circumstances is free from doubt.

The motion must be denied, but without costs.