THE PEOPLE *ex rel.* A. OAKEY HALL *v.* THE BOARD OF
SUPERVISORS OF NEW YORK.

| 32 | 473 |
|---|---|
| 134 | 5 |

The Metropolitan Police Act imposes on the district attorney of each county embraced in its provisions, the duty of prosecuting for penalties incurred by the sale of intoxicating liquors on the Sabbath, or on any election day, within the limits of such county.

District attorneys are county officers; and moneys necessarily expended by them in executing their official duties, in the absence of provision for specific compensation, are chargeable to the respective counties.

The counties are not relieved from liability, by the fact that such duties are imposed by special laws, and that no pecuniary benefit inures to the respective counties from their execution.

Moneys are "necessarily expended," within the meaning of the statute, for the protection of county officers, when the expenditures are not only needful and proper, as contradistinguished from such as are needless and improvident but also reasonable, appropriate and customary in the execution of the particular official duty.

Expenditures properly incurred by a district attorney in prosecutions for penalties, and paid by a subsequent incumbent, after succeeding to the charge of the suits, and the rights and duties of the office, are within the protection of the statute.

Mandamus is the appropriate remedy to compel the board of supervisors to audit and allow the claims of county officers for such expenditures.

THE case arose on an application for a mandamus to compel the board of supervisors to audit an account of the relator, for sheriff's fees paid by the district attorney of the city and county of New York, in suits for penalties, which he was required to prosecute under the provisions of the metropolitan police act.

The facts alleged by the relator were not denied by the respondents. A great number of suits were brought, pursuant to the act, by Mr. Waterbury, then district attorney, against parties in New York, who incurred such penalties by the unlawful sale of intoxicating liquors on Sundays and election days, when all such sales were prohibited. The aggregate amount of fees to which the sheriff was entitled by law for his services, in serving process, summoning juries and returning executions in these causes, was $18,210.61.

The bills, duly certified and verified, were rendered to the relator, who, in the meantime, had succeeded to the office of district attorney, and the amount was paid by him. He alleged, and the respondents did not deny, that the moneys so paid were necessarily expended by him as a county officer in executing the duties of his office, and that no specific compensation to him for such services was provided by law. He presented the account, accompanied with a specific statement of the items, duly authenticated, and the respondents declined to audit the claim.

The motion for a mandamus was heard and denied by Mr. Justice Leonard, and the order was affirmed on appeal to the General Term.

*Henry H. Anderson* and *A. Oakey Hall*, for the appellants.

*John E. Develin*, for the respondents.

Porter, J. The metropolitan police act imposed on the district attorney of each county embraced in its provisions, the duty of prosecuting for all penalties incurred by the sale of intoxicating liquors on the sabbath, or on any election day, within the limits of such county. (2 Sess. Laws 1857, 212, § 21.)

It was eminently appropriate and just that each county specially benefited by the prohibition, should be charged with the duty and expense of penal enforcement within its bounds. We think this purpose was accomplished, by charging the duty of prosecution on the appropriate county officer, whose necessary expenditures in the discharge of official duties, not otherwise specifically provided for, are made a legitimate county charge by the force of general laws. (1 R. S., 386, § 3, subd. 9.)

If the court below was right in holding otherwise, this portion of the metropolitan police act is substantially nugatory. The prohibition would be of little practical value, with no effectual legal provisions for its enforcement. The district attorney alone is authorized to institute the prosecutions; and there is nothing in the terms of the act to indicate

an intent to charge him personally with the expenses unavoid-
ably incurred, in the discharge of an onerous statutory duty.
No obligation is imposed on the sheriff, or any other officer,
to serve process and summon juries in these cases gratuitously.
The compensation for these services is fixed by statute; but
the law provides no remedy against the State, none against
the metropolitan police district, and none against the county,
except through the district attorney, who is, for this purpose,
its legal representative.

It is claimed by the counsel for the respondents, that as the
act directs the appropriation of the penalties, when recovered,
to the benefit of the police contingent fund, the county derives
no pecuniary advantage from the prosecutions, and is there-
fore subject to no liability. This proposition cannot be
maintained. None but legislative authority can relieve a
particular locality from its apportioned share of the burdens
imposed by general laws. Each county is chargeable, in the
absence of provision for specific compensation, with "*the
moneys necessarily expended by any county officer in execut-
ing the duties of his office*," whether those duties are imposed
for the pecuniary benefit of the county, or for the higher pur-
pose of preserving peace and order, securing the observance
of the laws and promoting the general welfare.

It is also claimed that the moneys in question were not
"necessarily expended" within the intent of the statute.
It is insisted, in substance, first, that as the payment was not
exacted in advance of the services, it was not necessary to
secure their performance: second, that as it could not be
enforced by suit against the district attorney, personally, there
was no necessity for recognizing the obligation: third, that
at all events the necessity ceased with the change of incum-
bents in the office of district attorney; and the relator must
therefore be deemed a mere volunteer in paying for services
rendered on the official requisition of his predecessor. It
was through the adoption of this rigorous construction of the
terms of the statute, that the relator was denied the relief to
which we think he is clearly entitled.

The import of the words "necessarily expended" is suf-

ficiently evident, when we consider the purpose for which they were inserted, and the nature of the subject to which they are applied. They relate, not to the necessity of payment as between the officer and the party to whom it is made — which would, perhaps, be satisfied by nothing short of the power of legal compulsion — but to the necessity of the expenditures, having reference to what is due to the public and the law, in the efficient and faithful discharge of official duty. The phrase is repeatedly used in other subdivisions of the section, as applicable to various descriptions of county charges, and obviously in the same general sense. It is provided, for instance, that the sums "necessarily expended" in the support of county poor houses and of indigent persons, shall be chargeable to the respective counties. Does this import that all such expenditures are unnecessary, unless actions could be maintained by the paupers against the officer for the money?

In such a connection, expenditures are to be deemed necessary within the plain intent of the statute, when, as in the present case, they are not only needful and proper — as contradistinguished from such as are needless and improvident — but also reasonable, appropriate and customary in the discharge of the particular official duty. (*Sipperly* v. *Warner*, 9 How., 333; *Stuyvesant* v. *Mayor of N. Y.*, 7 Cow., 606; *Jerome* v. *Ross*, 7 Johns. Ch., 340; *Curtis* v. *Leavitt*, 15 N. Y., 168, 169; *Metropolitan Bank* v. *Van Dyck*, 27 N. Y., 442.) The suits in question having been prosecuted by the district attorney in obedience to the express mandate of the law, the amounts paid to the sheriff for serving process and summoning juries were expended necessarily within the meaning of the statute, and constitute a legitimate county charge.

It is insisted that no action could have been maintained by the sheriff against the district attorney in his official character for the services rendered in these prosecutions. The authority on which this proposition rests is the decision in *People* v. *Van Wyck* (4 Cow., 265). That case was rightly decided. The suit there was brought against the district attorney in

his individual character; and it was of course held that he was not personally liable. It is quite probable that in the then existing state of the law, no action could have been maintained against him even in his official character; as there was at that time no provision for making expenditures of this kind a county charge. But it by no means follows that such a suit could not be maintained, as the law now stands, to prevent a failure of justice, where the right of the sheriff is clear, and where his sole remedy against the county is through the district attorney as its legal representative. For the purpose of effectuating rights which can not otherwise be protected and enforced, the capacity of public officers to sue and to be sued is recognized at common law, to an extent commensurate with their public duties and trusts; and the statutes expressly authorizing suits by and against particular officers, are, for the most part, merely declaratory of this common law rule. (*Todd* v. *Birdsall*, 1 Cow., 260; *Grant* v. *Fancher*, 5 id., 312; *Overseers of Pittstown* v. *Overseers of Plattsburgh*, 18 Johns., 418; *Avery* v. *Slack*, 19 Wend., 55; *Supervisor of Galway* v. *Stimson*, 4 Hill, 137; *Thayer* v. *Lewis*, 4 Denio, 272.) Thus, it was held in the case of *Palmer* v. *Vandenbergh*, at a time when there was no enabling statute, that overseers of the poor could make contracts within the scope of their authority, the performance of which could be enforced by suit against them and their successors in office. (3 Wend., 193.) In the case of *Silver* v. *Cummings*, it was adjudged that the trustees of a school district were officially liable at common law, on contracts made by their predecessors within the scope of their authority. (7 Wend., 181.)

It is unnecessary, however, to pass upon this question, as the expenditures which are made by the statute a charge against the county, are not limited to those of which payment can be coerced by civil action against the officer.

The remaining question to be considered, is whether the expenditures in question, necessary as they were in executing the duty with which the district attorney was charged, and lawfully incurred as they were by the then incumbent of the

office, could properly be paid by the relator, who succeeded to the charge of the suits and to the general responsibilities and duties of the office. The actions were prosecuted by the district attorney in his official character. The services were performed on the faith of official obligation. The duties imposed by the law were continuous in their nature. They devolved upon the then incumbent, only in virtue of his official character; and his connection with the prosecutions ceased when his term of office expired. He incurred the ex-penditures properly as district attorney. He was not per-sonally liable, for he contracted them as a public officer. In paying them, the relator represented the same interests which his predecessor did in contracting them. In the language of Chief Justice SAVAGE, in a kindred case, the new incumbent "having succeeded to the office, with all its duties, rights and responsibilities, is the person upon whom the duty devolves of fulfilling the contract." (*Palmer* v. *Vandenburgh*, 3 Wend., 198; *Silver* v. *Cummings*, 7 id., 181; *Williams* v. *Keach*, 4 Hill, 168.)

The orders at Special and General Term should be reversed, with directions for a peremptory mandamus.

All the judges concurred in the foregoing opinion, except BROWN, J., who read a dissenting opinion.

Orders at Special and General Term reversed, with directions for a peremptory mandamus.