# NEW YORK COMMON PLEAS.

## The People *ex rel.* William C. Ford agt. Abraham L. Earle, Auditor, &c.

### *Mandamus — assignment of patent — county charge.*

Where the board of supervisors purchase a right to use in the register's office a patented system of indexing the public records, which is a proper county charge, and which they can properly audit as such, they may also purchase and take an assignment of such patent, to secure the county forever from the risk of having to pay over again for the use of such invention, which is also a proper county charge, which they can audit, and which the county will be required to pay.

APPLICATION for peremptory mandamus.

J. F. DALY, *J.*—None of the allegations of the relator's affidavit are denied, the auditor basing his opposition to the mandamus asked for upon the ground that if the claim of the relator, for selling to the county the right to use in the register's office his patented system of indexing the public records, was a legal county charge, for which the board of supervisors might lawfully audit his bill, yet his claim for assigning his patent to the county was not a legal county charge, and the supervisors had no right to make him an allowance for it (1 *R. S.*, 304, 386).

I regard the purchase by the county of the right to use an invention which will greatly facilitate the public business, and be very convenient to the persons examining the public records, to be entirely within its powers, and the purchase-price to be a valid county charge, which the board of supervisors may audit and allow (*Bright* agt. *Supervisors of Che-*

*nango Co.*, 18 *Johns.*, 242; *People ex rel. Hall* agt. *Board of Supervisors*, 32 *N. Y.*, 473; 1 *R. S.*, 386, § 15).

If the invention be patented, it is necessary, in order to avoid trouble in the future, to have the proper grant or assignment of the right to use it in the county executed and delivered by the owner of the patent. The board of supervisors took a mere common precaution in requiring, before payment, such an assignment to be made. Nothing in the resolution of the board indicates that they were purchasing the *sole* right, or paying any part of the purchase-price for the *sole* right, or doing more than securing the county forever from the risk of having to pay over again for the use of the invention.

The auditor does not show that the sum allowed by the board was too large or that they exceeded their powers in any way. Their audit being final (as has been many times held in this court and in the supreme court), the auditor must allow the vouchers.

Mandamus to issue.