HAYNES et al. vs. BUTLER.

1. PARTIES. *Capacity of county treasurer to sue collector.*
   The county treasurer has capacity to sue the collector on his official bond for a failure to pay over money received by him at a delinquent tax sale, in excess of taxes, penalty and cost.
2. PRESUMPTIONS. *In favor of officers.*
   Every act required by law of an officer will be presumed to have been performed until the contrary is shown.
3. COLLECTOR. *Payment to the County Treasurer of proceeds of delinquent tax sale.*
   It is the duty of the collector to pay into the county treasury the sum received by him in excess of taxes, penalty and cost at a delinquent tax sale at once, and without waiting for a settlement with the county clerk, or demand by the county treasurer.

APPEAL from *Lafayette* Circuit Court.
Hon. MYRON D. KENT, Circuit Judge.
*Smoote & Kelso* and *Farr,* for appellant.
*A. B. Williams, contra.*

HARRISON, J.:

This was a suit by Hattie Butler, as treasurer of Lafayette county, against Floyd C. Wood, late collector of taxes of said county, and the appellants, his securities on his official bond, to recover the sum of two thousand nine hundred and ten dollars and seventy-five cents, the aggregate amount received by him as such collector on the sale of lands for the non-payment of taxes for the year 1871, in excess of the taxes, penalty and costs charged thereon, which he had failed to pay into the county treasury.    The defendants demurred to the complaint, and, upon their demurrer being overruled, they declined to make any further defense.

The grounds of demurrer assigned by them were—

*First*—That the plaintiff has not, as county treasurer, the legal capacity to sue.

*Second*—That the bond sued on was made to the State and not to the plaintiff as county treasurer.

*Third*—That the complaint does not show that the plaintiff has any interest in the subject matter of the action.

*Fourth*—That the condition of the bond was for the faithful performance of the duties of collector for the year 1871, whereas the breach assigned is the failure to pay into the county treasury money collected in 1872; and

*Fifth*—That the complaint does not state facts sufficient to constitute a cause of action.

As a general thing "all public officers, though not expressly authorized by statute, have a capacity to sue commensurate with

their public trusts and duties." *Supervisors of Galway* v. *Stimson*, 4 Hill, 136; *Overseers of Pittstown*, 18 John, 407; *Todd* v. *Birdsall*, 1 Cow., 260.

Section 101 of the revenue act of 1871—Gantt's Digest, 5190— says: "Should any tract, lot, or part of lot so advertised as aforesaid sell for more than the amount due thereon for taxes, penalty and cost of advertising, the excess shall be by the collector paid into the County Treasury, and placed to the credit of the person in whose name the tract of land, lot or part of lot, was advertised for sale, and the person or persons entitled to such excess, upon making the proper showing to the County Clerk, shall be entitled to a warrant on the treasury therefor, and said Clerk is hereby required to draw such warrant when such satisfactory evidence has been produced to him."

The duty to receive the money from the Collector, to keep, and to pay the same over to the persons entitled, being thus devolved upon the Treasurer, to discharge his trust and duty he must be clothed with the power to sue for and recover it.

Although the bond was given to the State, and the action might have been in its name, Gantt's Digest section 4472, the State has no interest in the money when collected, which goes into the County Treasury. Nor are the persons to whom the Treasurer is to pay it, parties in interest, because they have no right to demand it from the Collector, and can only get it from the Treasurer, and in the manner prescribed by the statute.

It follows, then, that the Treasurer is the real party in interest, and except the State, the only one who may sue for the money. *Lane* v. *Kasey*, 1 Met. 412.

There is neither weight nor plausibility in the fourth ground, that the breach of the condition assigned is that the Collector failed to pay into the treasury money received in 1872. It is not until the first Friday after the first Monday in October, that

the County taxes are levied by the County Court, and by the law then in force, Revenue act 1871, section 74—the tax book was not required to be placed in the hands of the Collector before the first day of January following, prior to which time he was forbidden by the statute to commence collecting, and he was then allowed until the 31st of March to complete the collection; and the second Monday in May was appointed for the sale of the lands, upon which the taxes had not been paid. The taxes levied in 1871, though collected in 1872, were the taxes of the former year, and can in no sense be considered as of the latter. Ib. sections 88, 98, 99, 100.

As the second and third are special grounds of the general objection, that the complaint does not contain sufficient facts to constitute a cause of action, and have been passed upon, we shall not, in the further consideration of it, state the facts the complaint alleges, but notice only such matters as the appellants in their argument insist should have been also averred.

They contend that the complaint should have shown that the tax book was delivered to the Collector on or before the first day of January, 1872; that the Clerk attended the sale, and made a record thereof; that he made a settlement with the Collector and ascertained the amount with which he was to be charged and certified the same to the plaintiff; and that the plaintiff presented the certificate to the Collector and demanded payment. To all of which we answer: Every official act required is presumed to be rightly and duly performed, until the contrary is shown. Broom's Max., 729; *Stewart* v. *Houston*, 25 Ark., 311. And we are unable to see how the omission of the Clerk to deliver the tax book in due time, or to attend the sale and report the same— matters upon which his duty to pay into the treasury the money in his hands in no way depended—could excuse the Collector from the performance of such duty.

The statute, however, does not require the Clerk to make settlement with the Collector concerning such excess, and it is his duty, immediately after it comes into his hands and without demand, to pay the same into the County treasury that the Treasurer may be able to pay it to those entitled thereto.

The Court below did not err in overruling the demurrer, and its judgment must be affirmed.